NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 24 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FABIAN GARCIA-HOYOS; MONICA
TATIANA PAREDES-CASTILLO;
DULCEMARIA GARCIA-PAREDES,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-4673

Agency Nos.
A240-049-019
A218-147-689
A218-147-690

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 21, 2025**
San Francisco, California

Before: PAEZ, BEA, and FORREST, Circuit Judges.

Petitioners Fabian Garcia-Hoyos ("Petitioner"), his wife Monica Tatiana

Paredas-Castillo, and their minor daughter, D.G.P., natives and citizens of

Colombia, petition for review of a decision by the Board of Immigration Appeals

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

("BIA") that dismissed their appeal of an immigration judge's denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction to review the petition pursuant to 8 U.S.C. § 1252(a)(1). Because the parties are familiar with the facts, we recite them only as necessary to explain our decision.

The "substantial evidence" standard governs our review of BIA decisions regarding claims for asylum, withholding of removal, and CAT protection. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). Under that standard, we ask whether the BIA's decision is supported by "reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* (citation omitted). We must deny the petition for review unless Petitioner can demonstrate "that the evidence not only supports, but compels the conclusion" that the BIA's findings and decisions are erroneous. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022) (citation omitted) (as amended). Because Petitioners have not done so, we deny the petition.

1. To establish eligibility for asylum, Petitioner must "demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.' To be eligible for withholding of removal, the petitioner must discharge this burden by a 'clear probability.'" *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th

24-4673

Cir. 2021) (first quoting 8 U.S.C. § 1101(a)(42)(A), then quoting *Alvarez-Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003)). Substantial evidence supports the BIA's denial of Petitioner's applications for withholding of removal and asylum because he failed to establish past persecution, a well-founded fear of future persecution, and that the Colombian government would be unable or unwilling to protect him from the Revolutionary Armed Forces of Colombia ("FARC") from whom Petitioner claims he will suffer persecution. *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017).

The only evidence of past harm that Petitioner can point to is the threats against him and his family members, allegedly by the FARC. But threats alone, without more, are typically not enough to demonstrate past persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000). Furthermore, there is significant evidence in the record to suggest that the motivation for the threats against him was pecuniary and not political, and that such motivation has dissipated since Petitioner withdrew his bid for a government contract. Accordingly, substantial evidence supports the BIA's determination that Petitioner could not demonstrate the kind of past persecution or likelihood of future harm "on account of . . . [his] political opinion" necessary to warrant relief. *See Garcia-Milian*, 755 F.3d at 1031 ("Persecution is 'on account of' a protected ground only where the persecution occurred 'because of' that ground." (quoting 8 U.S.C. § 1101(a)(42)(A))).

And even if these threats did demonstrate persecution, substantial evidence also supports the BIA's finding that Petitioner could not demonstrate that the government was unwilling or unable to protect Petitioner. There is evidence that the authorities were investigating and arresting individuals for illegally influencing contract bids like the one that led to the alleged threats against Petitioner, and the 2022 Department of State Human Rights Report for Colombia reflects that the government of Colombia has taken action against the FARC and government officials who support the FARC. *See Hussain v. Rosen*, 985 F.3d 634, 648 (9th Cir. 2021) ("[A] country's government is not 'unable or unwilling' to control violent nonstate actors when it demonstrates efforts to subdue said groups."). We deny the petition as to asylum and withholding of removal.

2. The BIA's denial of CAT relief is also supported by substantial evidence. "To qualify for CAT protection, a petitioner must show it is 'more likely than not he or she would be tortured if removed to the proposed country of removal.'" *Sharma*, 9 F.4th at 1067 (quoting 8 C.F.R. § 208.16(c)(2)). Petitioner has not put forth evidence that compels the conclusion that the BIA erred in finding he failed to establish it was more likely than not he would be tortured if removed to Colombia. *See Garcia-Milian*, 755 F.3d at 1033. The evidence also supports the BIA's conclusion that Petitioner failed to demonstrate that the Colombian government would acquiesce in any future torture, even if he could establish a

likelihood of future torture. *See Madrigal v. Holder*, 716 F.3d 499, 509 (9th Cir. 2013). And the BIA's finding that Petitioner could relocate to another area of Colombia to avoid any future torture is also supported by substantial evidence. *See Aguilar Fermin v. Barr*, 958 F.3d 887, 893 (9th Cir. 2020). We accordingly deny the petition as to CAT relief.

**PETITION DENIED.**